**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

LEONARD LEVIE, et al.,

Plaintiffs,

v.

BRANDON STEWART et al.,

Defendants.

Case No. 2:26-cv-00240-KHR

**DECLARATION OF ROBERT BELL III IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**DECLARATION OF ROBERT BELL III**

I, Robert Bell III, declare and state as follows:

1. I am the Chief Executive Officer and a director of Vital Engineered Components Company, Inc. ("VECCO") and have effectively served in that capacity since April 15, 2022. I also serve as a director and Chief Executive Officer of VECCO Wichita and as Chief Executive Officer of Falcon Jacksonville LLC d/b/a VAERO and have served in those capacities since August 2024 and November 2024, respectively. The statements in this declaration are based on



MORRISON & FOERSTER LLP
925 FOURTH AVENUE, FLOOR 36
SEATTLE, WA 98104-1157

my personal knowledge and on business records of VECCO, VECCO Wichita, and VAERO maintained in the ordinary course. I was directly involved in the events, operations, and communications described below and could testify to them competently if called as a witness.

2. I have never met Leonard Levie, and before July 2026, I had never received any communication from him concerning these companies. The only time I recall ever speaking to Mr. Levie was over two years ago in 2024 in which we discussed by phone a business unrelated to this lawsuit and the conversation lasted for less than five minutes. I have not spoken with him before or since.

## I. ROLE IN MANAGING VECCO AND VECCO WICHITA

3. Following the acquisition of MB Aerospace Sterling Heights, Inc. ("MB Aerospace") by Michigan Precision Group, LLC ("MPG") on April 15, 2022, MB Aerospace was rebranded as VECCO on or about April 26, 2022.

4. What MPG acquired was essentially a manufacturing operation consisting principally of its manufacturing facilities, equipment, and existing workforce. Although there were existing plant-level managers, the business lacked the standalone corporate and administrative infrastructure needed to operate independently, including its own human resources and finance functions and an established executive leadership team. I worked closely with Brandon Stewart in the transition and in building those functions as VECCO became a standalone operating business.

5. On May 1, 2022, Mr. Stewart, in his capacity as owner and Managing Partner of MPG, officially appointed me as a director of VECCO. Attached as **Exhibit A** is a true and correct copy of the May 1, 2022, Written Consent of the Sole Shareholder of MPG approving this resolution.

6. Since my appointment as a director of VECCO, I have worked alongside Mr. Stewart in managing the day-to-day operations of VECCO and later VECCO Wichita. My responsibilities have included overseeing manufacturing operations, coordinating with suppliers



MORRISON & FOERSTER LLP
925 FOURTH AVENUE, FLOOR 36
SEATTLE, WA 98104-1157

and customers, managing personnel, and addressing operational issues as they arise at both facilities.

7. Plaintiffs allege that VECCO's operations were transferred to AIAC. That did not occur. I never approved or issued any letter or other communication to employees of MB Aerospace or VECCO, or to anyone else, stating that operations had been transferred to AIAC, and I am aware of no such transfer. I have seen the document that Plaintiffs allege to be a letter from the General Manager of MB Aerospace and myself to employees of MB Aerospace dated April 19, 2022. I have no recollection of this letter, did not author it, and did not send it to anyone. I do not know who added my signature to the letter, but I do not recall signing it and do not believe I did so.

8. Throughout my tenure, Mr. Stewart has been the person who exercised owner-level authority over VECCO and VECCO Wichita. He appointed me as a director in his capacity as sole shareholder of MPG, as reflected in Exhibit A, and no one has ever contradicted that authority or claimed it belonged to someone else.

9. The first time I was made aware that Mr. Levie or Jonathan Batista claimed to be part owners of VECCO or VECCO Wichita was on or about July 8, 2026, when I received an email from Plaintiffs' counsel, Marc Greenberg, purporting to call a meeting on behalf of the "majority member" of MPG.

10. Prior to receiving that email in July 2026, I did not receive any communications from the Plaintiffs in this matter regarding VECCO or VECCO Wichita's operations, finances, books and records, or anything else. At no point during that period did Plaintiffs contact me to discuss, question, or participate in the management of VECCO or VECCO Wichita.

11. No Plaintiff has ever participated in the management of VECCO, VECCO Wichita, or VAERO. In more than four years, no Plaintiff has attended a management meeting, approved a budget or material expenditure, participated in a hiring or termination decision, directed any



MORRISON & FOERSTER LLP
925 FOURTH AVENUE, FLOOR 36
SEATTLE, WA 98104-1157

employee, exercised authority over a customer or supplier relationship, or given me instructions concerning the management or operation of any of those businesses.

12. The only operational involvement by any Plaintiff at VECCO was a limited period of approximately four months beginning in April 2022, when Mr. Batista performed largely administrative tasks at my direction. His role was comparable to that of an intern. For example, he worked with the facilities manager to replace building signage and located and replaced outdated logos throughout the facility. Mr. Batista did not manage any employees, no one reported to him, and he had no independent decision-making authority. His authority extended only to completing the specific tasks I assigned him. At no time did Mr. Batista exercise managerial authority over VECCO or its personnel.

## II. VECCO AND VECCO WICHITA'S OPERATIONS AND CUSTOMER BASE

13. VECCO's facilities are located in Sterling Heights, Michigan. VECCO employs approximately 25 employees for each of its three facilities, which are between 60,000 – 100,000 square feet in size. VECCO focuses on manufacturing engineering, quality assurance, and precision machining, producing complex, precision machined assemblies from both ferrous and non-ferrous metals for the aerospace sector. Its customer base includes Lockheed Martin, Pratt & Whitney, Lycoming, and Collins Aerospace.

14. On August 9, 2024, VECCO acquired Kaman Composites–Wichita, Inc. Following VECCO's acquisition, Kaman Composites–Wichita was rebranded to VECCO Wichita.

15. VECCO Wichita is located in Wichita, Kansas, and operates from a facility of over 100,000 square feet. The business currently employs more than 70 people. Its core work involves manufacturing structural composite assemblies for both commercial and military aircraft.

16. Neither VECCO nor VECCO Wichita conduct any operations or have any employees in Wyoming.

17. After the acquisition of VECCO Wichita, Mr. Stewart and I were responsible for



MORRISON & FOERSTER LLP
925 FOURTH AVENUE, FLOOR 36
SEATTLE, WA 98104-1157

the post-closing integration and ongoing operation of the business, including coordinating with suppliers, resolving legacy customer disputes, managing inventory, overseeing payment processes, and addressing accounts-payable matters.

18. I am a resident of Idaho, and my primary residence is there. However, I spend most of my time in Sterling Heights and Wichita in order to manage the VECOO and VECCO Wichita facilities. In fact, during the first year after the acquisition of VECCO, I spent so much time at the VECCO facility, I rented housing accommodations in the area to be near the facility. And presently, because of the amount of time I spend working at and managing these facilities, I spend more time in the areas where the facilities are located than I do at my primary residence in Idaho. To my knowledge, Mr. Levie has never made a single trip to any of these facilities.

## III. OPERATIONAL RISK FROM AN INJUNCTION

19. I have reviewed the document purporting to be a notice of a special meeting of members of MPG dated August 26, 2026, signed by Mr. Levie, purporting to be "Majority Member." It would terminate me as Chief Executive Officer of VECCO and VECCO Wichita effective immediately, revoke all of my authority to act for those companies in any capacity, terminate my agreements "for cause," and reopen my compensation going back to 2022. It names no successor. Again, I have never met Mr. Levie, have never spoken to him about these companies, and to my knowledge he has never visited either facility or met any employee of either company.

20. The same notice states that its purpose includes review of my "involvement with efforts by Brandon Stewart to embezzle assets, trade secrets, and ownership interests of MPG," and invites me to "explain and justify" my "involvement with Brandon Stewart's illegal acts." I have not embezzled anything from MPG, VECCO, or VECCO Wichita, and I am aware of no facts supporting that accusation. Mr. Levie has never asked me a question about my conduct, my decisions, or these companies. Before making that accusation in writing, he had never spoken to me about anything related to the accusations, the companies, or this present dispute.



MORRISON & FOERSTER LLP
925 FOURTH AVENUE, FLOOR 36
SEATTLE, WA 98104-1157

21. VECCO and VECCO Wichita produce complex components and assemblies for aerospace programs. Disrupting the current management of these facilities, including by removing Mr. Stewart from operational or managerial roles or freezing the companies' assets, would jeopardize active production schedules and commitments to customers.

22. I am the person known to our customers (including Lockheed Martin, Pratt & Whitney, Lycoming, and Collins Aerospace) as the chief executive of VECCO. I have participated personally in contract negotiations with them. To my knowledge, Mr. Levie has never been introduced to, or participated in any meeting with, any VECCO or VECCO Wichita customer, and Mr. Batista has had no substantive communications or involvement with them, and has no relationship with them.

23. VECCO and VECCO Wichita together employ more than 150 people. Any interruption or freeze affecting the companies' bank accounts would threaten the ability to meet payroll and retain skilled personnel who are difficult to replace.

24. Both facilities rely on ongoing relationships with raw material suppliers, sub-tier manufacturers, and outside processing partners with which our customers contract. A disruption in payment or decision making would risk supply chain interruptions that could halt production lines, which would damage both our relationship with our customers as well as our customers' relationships with their outside processing partners.

25. VECCO and VECCO Wichita have active purchase orders and contractual delivery commitments with contractors. Delays or defaults on those commitments could result in breach-of-contract claims, penalties, and loss of future business.

26. The VECCO name did not exist before April 2022. I participated in the rebranding of the business from MB Aerospace to VECCO and in establishing the VECCO name with customers, suppliers, and regulators.

27. Other than in the ordinary course of business with customers, suppliers, and sub-

tier vendors subject to applicable confidentiality and export-control requirements, no VECCO or VECCO Wichita manufacturing process, drawing, specification, customer list, pricing information, or technical data has been disclosed to any competitor or to any person outside these companies at my direction or with my knowledge. The plant, equipment, processes, personnel, and information of both businesses remain where they were.

I declare under penalty of perjury under the laws of the State of Wyoming that the foregoing is true and correct.

DATED this 7th day of September, 2026, at San Francisco, California.

Signed by:
Robert Bell III
5C5A1432DFA64C6...

Robert Bell III



**MORRISON & FOERSTER LLP**
925 FOURTH AVENUE, FLOOR 36
SEATTLE, WA 98104-1157