**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| LEONARD LEVIE, et al.,<br>Plaintiffs,<br>v.<br>BRANDON STEWART et al.,<br>Defendants. | Case No. 2:26-cv-00240-KHR<br>**DECLARATION OF DAVID VERNON IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

**DECLARATION OF DAVID VERNON**

I, David Vernon, declare and state as follows:

1. I am the Chief Operating Officer of Falcon Jacksonville LLC d/b/a VAERO. I also serve in the same role at Vital Engineered Components Company, Inc. ("VECCO") and VECCO Wichita, but my role is in name only, and I am not an elected corporate officer or director of VECCO or VECCO Wichita. I have served in these roles since May 2026, when I was promoted from Chief Technology Officer. I previously served as Director in Kaman Aerospace Corporate IT, and I transferred to VAERO as Chief Technology Officer, serving in that role at VAERO and

at VECCO and VECCO Wichita, following the acquisition of VAERO by VECCO Aerospace Group, Inc. in November 2024. Prior to working at Kaman Aerospace, I was Vice President of Global Supply Chain Management and then Vice President of China, India and Mexico Operations at Dresser, Inc., and held senior operations and supply chain roles at GE Oil & Gas and at Baker Hughes, a GE company. Earlier in my career I led supply-chain and operations consulting engagements as Principal at VMG Consulting and as Director at Alaris Consulting. As a General Electric executive, I completed GE's corporate-sponsored Supply Chain Excellence Master's Program at the University of Michigan. The statements below are based on my personal knowledge and on business records of VAERO, VECCO, and VECCO Wichita maintained in the ordinary course. If called as a witness I could and would testify competently to these matters.

2. In my role as Chief Operating Officer, I am responsible for the overall operations of VAERO, VECCO, and VECCO Wichita. General Managers at the Jacksonville, Sterling Heights, and Wichita facilities report to me, and I report to Robert Bell III, who is the Chief Executive Officer ("CEO") of these companies. I also reported to Mr. Bell in my role as Chief Technology Officer. Since November 2024, every direction I have received on operations, capital expenditures, staffing, or customer commitments has come from Mr. Bell, Brandon Stewart, or Mark Stones. I have never received direction from Leonard Levie, Jonathan Batista, or anyone acting on their behalf.

3. I lead all IT work at VAERO, VECCO, and VECCO Wichita. Beginning in November 2024, I led the creation of VAERO's IT infrastructure, vaero.us domain, and secure GCC-High environment. I executed the migration of Kaman Aerospace's IT and enterprise resource planning ("ERP") systems for the Wichita and Jacksonville locations onto the new IT infrastructure following the acquisition of VAERO. I was also responsible for integrating all three companies into a common IT system and ensuring that each facility was able to utilize the system and perform government work in compliance with federal cybersecurity requirements. In

particular, I led all three businesses through implementation of NIST SP 800-171, the security requirements for protecting controlled unclassified information in nonfederal systems and organizations, under a single enterprise System Security Plan. No Plaintiff participated in any of this work.

4. To my knowledge, no Plaintiff has participated in management or decision-making regarding capital expenditures or operations of VAERO, VECCO, or VECCO Wichita. Throughout my tenure, Mr. Stewart has been the person who has exercised final decision-making authority over VECCO and VECCO Wichita.

5. I have never met Mr. Levie or Mr. Batista. To my knowledge, no Plaintiff has visited the Sterling Heights facility, the Wichita facility, or the Jacksonville facility since I joined the companies in November 2024. To my knowledge, no Plaintiff has met with the employees who operate VAERO, VECCO, or VECCO Wichita, or been introduced to our customers as an owner, since I joined the companies in November 2024.

6. The first time I learned that Mr. Levie or Mr. Batista claimed any ownership interest in VECCO or VECCO Wichita was on or about July 8, 2026, when I was copied on an e-mail from Plaintiffs' counsel, Marc Greenberg, purporting to call a meeting on behalf of the "majority member" of Michigan Precision Group, LLC ("MPG"). I am not a member of MPG.

7. Before July 8, 2026, I received no communication of any kind from any Plaintiff concerning the operations, finances, books and records, personnel, customers, or strategy of VAERO, VECCO, or VECCO Wichita. No Plaintiff ever contacted me to discuss, question, or participate in the management of those businesses, attended a management meeting with me, requested a report from me, or asked me a question about any of them. No Plaintiff has ever claimed to me any interest in VAERO, and to my knowledge no Plaintiff holds any interest in VAERO or in VECCO Aerospace Group, Inc. Prior to July 8, 2026, I never saw any Plaintiff exercise or attempt to exercise authority over any of these companies.

8. I have reviewed a document purporting to be notice of a "Special Meeting" of members of MPG dated August 26, 2026. It would terminate Mr. Bell as CEO and Traci Metzger as Chief Financial Officer ("CFO") of VECCO and VECCO Wichita, effective immediately, and divest each of them of any authority to act for those companies. It identifies no successor to either position, no interim management, and no transition plan of any kind.

9. I have reviewed a document dated September 7, 2026, purporting to memorialize actions taken at that "Special Meeting," including terminating Mr. Bell and Ms. Metzger, revoking Mr. Stones' authority, and removing Mr. Stewart from any management or consulting position with MPG or any of its subsidiaries. Again, that document identifies no replacements for any of those positions and thus purports to leave the companies without an acting CEO or CFO. If that document were given effect, I would not know who is authorized to approve payments for these businesses, or to whom I report.

10. Mr. Bell is the CEO of these businesses and my supervisor. Ms. Metzger is the CFO of these businesses, serves as their primary banking authority, manages the outside-auditor relationship, and directs the daily work of the on-site financial staff at each business. Removing those individuals without qualified replacements in place would cause significant harm and disruption to these businesses.

11. VECCO and VECCO Wichita were divested from larger corporate parent organizations and stood up as small businesses. Much of our work since I joined has been rebuilding the confidence of our employees and customers. That recovery is unfinished, and further questions about who leads these businesses would set it back.

12. VECCO and VECCO Wichita both depend on sub-tier vendors and service suppliers, which require regular and timely payments. Freezing the businesses' accounts, or displacing the management that authorizes payment, could interrupt those payments.

13. In my experience, a disruption of this kind may be reported up a prime's supply

chain organization and can lead to added surveillance, source inspection, or removal from a bidder's list — consequences that outlast the disruption causing them.

14. VECCO will be undergoing an ERP hosting migration in the coming months. VECCO uses the Infor SyteLine ERP ("SyteLine") system to operate its business. Order acceptance, job processing, shipping, and invoicing all take place in SyteLine. VECCO's current SyteLine environment host, Godlan, Inc., is retiring hosting services on December 31, 2026. As a result, VECCO must migrate its SyteLine system to a new hosting service provider. If this migration were to be stalled past Godlan Inc.'s end of service, VECCO would be unable to perform essential business operations.

15. Since I joined the companies in November 2024, no Plaintiff has held any operational or financial responsibility for VECCO or VECCO Wichita. I have not received or participated in any management reporting, review or oversight involving Mr. Levie or Mr. Batista.

I declare under penalty of perjury under the laws of the State of Wyoming that the foregoing is true and correct.

DATED this 8th day of September, 2026, at Fleming Island, Florida.

Signed by:
David Vernon
06632C65EEA441E...

David Vernon